UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BRODERICK LANEER LOFTON,

    Petitioner,

-vs-                                    Case Nos.  5:05-cv-300-Oc-10GRJ
                                                        5:03-cr-62-Oc-10GRJ

UNITED STATES OF AMERICA

    Respondent.
_____/

## ORDER DENYING PETITION UNDER 28 USC § 2255

The Defendant/Petitioner (the Defendant) has filed a timely motion under 28 USC § 2255 seeking to vacate his sentence. He presents four claims. None have merit and the Petition will be denied with prejudice.

### Background

The indictment of the Defendant was returned on September 24, 2003, charging two counts of distribution of unstated quantities of cocaine base in violation of 21 USC § 841(a)(1) and subject to the penalty provisions of 21 USC § 841(b)(1)(c) - - a maximum commitment term of 240 months or 20 years as to each count.

The Defendant entered into a written plea agreement with the Government and entered a plea of guilty to both counts of the indictment on December 12, 2003. Sentencing was held on June 23, 2004. The Defendant, whose sentence was enhanced because he qualified as a career offender, received a commitment term of

151 months.[1]  His plea agreement contained a waiver of the right of appeal and no appeal was taken.

I

Defendant's first claim is that he received ineffective assistance of counsel because his lawyer did not object to his career offender classification on the basis that his prior convictions triggering that classification had not been listed in his indictment or admitted in his plea agreement.  The claim fails because any such objection by counsel would have been overruled, and counsel cannot be deemed ineffective for failure to make a meritless objection.  Even assuming that the Apprendi-Blakely-Booker trilogy[2] had been decided and that all three decisions should be applied in this case, none of those cases would require the result Defendant seeks.  There are two reasons.  First, the principles of Apprendi-Blakely-Booker do not apply to prior convictions as distinguished from other factual issues driving the formulation of a sentence. See Booker, 125 S.Ct. at 756.  Secondly, Apprendi-Blakely-Booker come into play only when the critical fact(s) in dispute serve to enhance the sentence above the statutory maximum authorized by the conviction in the absence of the enhancement.  Here, the Defendant was subject to a sentence of up to 20 years or 240 months on the basis of the indictment as pleaded, and the enhanced sentence he received was 151 months - - well within the statutory maximum.

---

[1] Under the Sentencing Guidelines the Defendant was found to be in Enhanced Offense Level 29, Criminal History Category VI, subject to a sentencing range of 151 to 188 months.  He was given a low end sentence of 151 months.

[2] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000); Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004); United States v. Booker, ___ U.S. ___, 125 S.Ct. 738 (2005).

II

The Defendant next claims that the enhanced sentence he received as a career offender violates Booker. It doesn't, for the reasons stated in Part I; and, even if it did, Booker is not retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864 (11th Cir. 2005).

III

As his third claim the Defendant asserts that his counsel was ineffective for not taking an appeal asserting the Apprendi-Blakely-Booker issue. This claim fails for three reasons. First, the Defendant's plea agreement expressly waived his right of appeal under those circumstances. Secondly, there is no allegation that the Defendant asked his counsel to appeal; and, third, any such appeal would have been futile for the same reasons his present motion must fail.

IV

In his fourth and last claim the Defendant contends that his waiver of appeal in the plea agreement should not be interpreted to foreclose this petition under 28 USC § 2255. That issue is moot because the Court has considered the petition on its merits and has determined that no relief is warranted.

The Petition is Denied with prejudice and the Clerk is directed to enter judgment to that effect.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida, this 1st day of August, 2005.

*[signature]*
UNITED STATES DISTRICT JUDGE

Copies to:   Broderick Laneer Lofton, pro se
Counsel of Record
Maurya McSheehy